Not for Publication

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANTHONY MITCHELL,** | |
| **Plaintiff,** | Civil Action No.: 23-596 (ES) (ESK) |
| v. | **OPINION** |
| **COUNTY OF BERGEN, et al.,** | |
| **Defendants.** | |

**SALAS, DISTRICT JUDGE**

Plaintiff Anthony Mitchell, an inmate at Northern State Prison ("NSP") in Newark, New Jersey, is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* D.E. No. 1 ("Complaint" or "Compl.")). The Court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether the Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons below, the Court concludes, with the following caveats, that dismissal of the entire matter is not warranted at this time.

**I.     BACKGROUND**

At all relevant times, Plaintiff was a pretrial detainee at the Bergen County Jail in Hackensack, New Jersey. (*See* Compl. ¶ 1b, 3). The Complaint alleges as follows:

> On [October 31, 2022] at 7:15-7:25[,] Mr. Paul[,] the Bible instructor[,] denied me the right to practice my religion without informing me why I was refused this right by law. On [November 14, 2022,] I was again denied the ability to practice my religious beliefs in Bible Study as reflected within the grievance process that I exhausted completely. As I confronted Mr. Paul about why I was being denied to go to Bible Study[,] while being observed by C/O

> Singh & C/O Lopez[,] Mr. Paul stated that the chaplain took me off the list.
>
> After an investigation insued [sic] by me to pursue the matter further[,] I observed through the grievance response system that the chaplain service was quoted saying I was being "disruptive" and that I had "conflicted beliefs."  As I used this structure once again to find solutions to explain how and why I was so called "disruptive[,]" there was no justifiable reason given whatsoever because I only responded to a formal structure written by chaplain services that expressed my exact knowledge of the gospel readings with only respect, care, and concern without being disruptive at all.  When I questioned the chaplain services directly through spoken word[,] they did not respond to me in a justifiable manner that used reason.
>
> The right to exercise to exercise freedom of speech as well as freedom to have the right to practice religious beliefs equally without prejudice has simply been violated repeatedly with no solution or justifiable reason why.  This was all recorded through inspection, investigation, and observation backed by exhaustion of the grievances system which also was hindered with no response from the warden itself.  This appeal to the warden that I personally dropped in the mailbox was observed by my cellmate which is proof of my intention to completely exhaust all possible ways to find solutions to my ongoing violation of these human rights that were not addressed in the proper manner.

(*Id.* ¶ 6).

Plaintiff initiated this action on or around February 2, 2023.  (*See* Compl.).  The Complaint names Mr. Paul, Officer Lopez, Officer Singh, Warden Grella, Reverend Adams, Sergeant Mamo, Bergen County, the Bergen County Department of Corrections, the Bergen County Adult Corrections Center, the Bergen County Pastoral Care Faith Group, the Office of the Inmate Advocate, the New Jersey Department of Corrections ("NJDOC"), and various unidentified officials and entities as Defendants.  (*See id.*).  Plaintiff seeks "to be compensated 1.2 million dollars" for relief.  (*Id.* ¶ 7).

## II.     STANDARDS OF REVIEW

District courts must review complaints in civil actions in which a prisoner or pretrial detainee is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(a), or brings an action with respect to prison conditions, s*ee* 42 U.S.C. § 1997e(c). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c)(1).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B), 1915A(a), or 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their

3

complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**III.    DISCUSSION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (*See* Compl.).  To state a claim for relief under Section 1983, a plaintiff must allege: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a federally secured right.  *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).  The Court liberally construes the Complaint as asserting First Amendment free exercise and retaliation claims against each Defendant.[1]  However, for the reasons set out below, the Court will permit Plaintiff's free exercise and retaliation claims to proceed against Mr. Paul and Warden Grella only.

**A.    Persons Amenable to Suit Under Section 1983**

As an initial matter, Plaintiff names the NJDOC, Bergen County Department of Corrections, Bergen County Adult Corrections Center, Bergen County Pastoral Care Faith Group, and the Office of the Inmate Advocate, among others, as defendants.  As explained below, the Court will dismiss *with prejudice* Plaintiff's Section 1983 claims against these defendants because they are not proper defendants under Section 1983.

Section 1983 imposes liability on "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects . . . any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights . . . secured by the Constitution and laws."  42 U.S.C. § 1983 (emphasis added).  To be liable under Section

---

[1] The Court does not construe the Complaint in its current form as asserting a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5, as the Complaint does not seek the traditional type of relief available under RLUIPA, *i.e.*, injunctive or declaratory relief.  *See Payne v. Doe*, 636 F. App'x 120, 125 (3d Cir. 2016) (noting "the only relief potentially available to Payne for his RLUIPA claims in injunctive or declaratory").

1983, therefore, a defendant must be a "person" within the meaning of the statute. *See id.* The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, a cause of action under Section 1983 "cannot be asserted against the state, its agencies, or its officials acting in their official capacities." *Landi v. Borough of Seaside Park*, No. 07-5319, 2009 WL 606141, at *6 (D.N.J. Mar. 9, 2009).

As the NJDOC constitutes a state agency, it is not a "person" within the meaning of Section 1983. *See Will*, 491 U.S. at 71; *Landi*, 2009 WL 606141, at *6. Accordingly, the Court will dismiss Plaintiff's Section 1983 claim against the NJDOC *with prejudice* for failure to state a claim for relief.

Furthermore, although a municipality or local government constitutes a "person" within the meaning of Section 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), courts have held that local police departments, county jails, and other county agencies are not separate entities subject to suit under Section 1983 because they are merely an administrative arm of the municipality or local government, *see Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016) (finding that the district court correctly determined that the Jersey City Police Department was not a proper party to a Section action). Accordingly, the Court dismisses Plaintiff's Section 1983 claims against the Bergen County Department of Corrections, Bergen County Adult Corrections Center, Bergen County Pastoral Care Faith Group, and the Office of the Inmate Advocate *with prejudice* as they are improper defendants under Section 1983 where Plaintiff also names Bergen County itself as a defendant.

### B. Municipal Liability Under Section 1983

Although Bergen County constitutes a "person" within the meaning of Section 1983, a plaintiff may sue a local government under Section 1983 only for acts implementing an official policy, practice, or custom. *See Monell*, 436 U.S. at 690-91. To plausibly plead *Monell* liability, a plaintiff must identify the challenged policy or custom, attribute it to the municipality itself, and show a causal link between execution of the policy and the injury suffered. *Harley v. City of New Jersey City*, No. 16-5135, 2017 WL 2779466, at *7–8 (D.N.J. June 27, 2017).

In this matter, Plaintiff fails to state a claim against Bergen County because the Complaint fails to identify an official policy, practice, or custom of Bergen County that he claims caused the constitutional violations. (*See* Compl.). Accordingly, the Court dismisses Plaintiff's Section 1983 claims against Bergen County *without prejudice* for failure to state a claim.

### C. Personal Involvement Requirement

A defendant in a civil rights action must have personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Liability in a civil rights action, therefore, requires a "showing of direct responsibility" by the named defendant and eschews any "theory of liability" in which defendants played "no affirmative part in depriving any[one] . . . of any constitutional rights . . . ." *Rizzo v. Goode*, 423 U.S. 362, 376–77 (1976). In other words, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff fails to plead sufficient factual matter for the Court to infer reasonably that Officers Lopez and Singh, Sergeant Mamo, and Reverend Adams were personally involved in denying Plaintiff access to Bible Study or otherwise violating his constitutional rights. *See Iqbal*, 556 U.S. at 676. For example, the Complaint merely alleges that Officers Lopez and Singh were

witnesses to the incidents but "took no action to correct the behavior of the chaplain services." However, "failures to act," with limited exceptions not applicable here, "cannot form the basis of a valid § 1983 claim." *Kaucher v. County of Bucks*, 455 F.3d 418, 433 n.11 (3d Cir. 2006). By way of another example, the Complaint alleges that Plaintiff asked Reverend Adams to explain why he could not go back to Bible Study, but the Complaint is devoid of any allegations that Reverend Adams had any role in the decision or its implementation. Finally, Plaintiff alleges that Sergeant Mamo is responsible "for creating an opportunity for the grievance structure to be followed to the full extent of the law and obey to [sic] what is stated in federal, state, and county guidelines that were not used in accordance with 10A law[,] which is chain of command[,] which was not observed [here]." (Compl. ¶ 4g). From what the Court gleans, it appears that Plaintiff takes issue with some aspect of the grievance process and claims that Sergeant Mamo played some role in that process. However, inmates and detainees have no constitutional right to a grievance procedure, and Plaintiff does not allege how Sergeant Mamo was personally involved in denying him access to Bible Study. *See Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009). Accordingly, the Court dismisses Plaintiff's Section 1983 claims against Officers Lopez and Singh, Sergeant Mamo, and Reverend Adams for failure to state a claim for relief.

      D.      **Limitation on Compensatory Damages**

Section 1997e, entitled "Limitation on recovery," provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e).[2] The United States Court of Appeals for the Third Circuit has interpreted Section 1997e(e) to bar recovery of compensatory damages in such suits in the absence of a

---

[2] The statute defines "prisoner" to include pretrial detainees. *See id.* § 1997e(h).

showing of physical injury. *See Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000) (holding that Section 1997e(e) barred the plaintiff's First Amendment free exercise claims to the extent they sought compensatory damages because the plaintiff made no showing of a physical injury).

Here, Plaintiff seeks only "to be compensated 1.2 million dollars." (Compl. ¶ 7). However, the Complaint contains no allegations of any physical injury. Accordingly, the Court dismisses without prejudice all claims in the Complaint to the extent that they seek compensatory damages.

### E. Free Exercise and Retaliation Claims Against Defendants Mr. Paul and Warden Grella

Finally, the Court has reviewed Plaintiff's free exercise and retaliation claims against Mr. Paul and Warden Grella. The Court declines to dismiss them at this time to the extent that these claims seek nominal damages and to the extent that the claims against Warden Grella are premised on a knowledge and acquiescence theory of supervisor liability.

## IV. CONCLUSION

For the reasons stated above, the Court dismisses Plaintiff's Section 1983 claims against the NJDOC, Bergen County Department of Corrections, Bergen County Adult Corrections Center, Bergen County Pastoral Care Faith Group, and the Office of the Inmate Advocate *with prejudice*. The Court also dismisses Plaintiff's Section 1983 claims against Bergen County, Officers Lopez and Singh, Sergeant Mamo, and Reverend Adams *without prejudice*. The Court further dismisses Plaintiff's claims against the remaining defendants *without prejudice* to the extent that they seek compensatory damages. Plaintiff's free exercise and retaliation claims against Defendants Mr. Paul and Warden Grella may proceed at this time. An appropriate Order follows.

Dated: April 9, 2024

_____
Esther Salas, U.S.D.J.